ACCEPTED
01-15-00168-CR
FIRST COURT OF APPEALS
HOUSTON, TEXAS
6/26/2015 7:51:51 PM
CHRISTOPHER PRINE
CLERK

## CAUSE NO. 01-15-00168-CR

| | | |
|---|---|---|
| **GEORGE RAY MICHEAUX** | § | **IN THE 1st COURT OF** |
| *Appellant* | § | |
| | § | |
| **V.** | § | **APPEALS SITTING IN** |
| | § | |
| **THE STATE OF TEXAS** | § | |
| *Appellee* | § | **HARRIS COUNTY, TEXAS** |
| | § | |
| | § | |

FILED IN
1st COURT OF APPEALS
HOUSTON, TEXAS
6/26/2015 7:51:51 PM
CHRISTOPHER A. PRINE
Clerk

## APPELLANT'S BRIEF

TO THE HONORABLE JUSTICES OF THE COURT OF APPEALS:

Comes now GEORGE RAY MICHEAUX JR., hereinafter referred to as appellant, and submits this brief pursuant to the provisions of the Texas Rules of Appellate Procedure in support of his/her request for a new trial in Cause No. 14-CCR-175454.

## PRELIMINARY STATEMENT

On January 21, 2015, in the County Court Number 1 of Fort Bend County, the Honorable Christopher G. Morales presiding, the appellant was convicted after a bench trial of Blocking an Intersection in violation of the Texas Transportation Code § 545.302(a)(3).

## STATEMENT OF FACTS

On or about September 14, 2014, at approximately 7:58 am CST, appellant, George Ray Micheaux Jr. was legally operating his motor-vehicle near the intersection of Elkins and Sweetwater Blvd. in Sugar Land, Texas in Fort Bend County. There are several schools surrounding this intersection and traffic was rather congested at that time. George Ray Micheaux Jr., heading westbound on Elkins, entered the intersection of Elkins and Sweetwater to make a left-turn. At the time of making this left-turn, Mr. Micheaux had a protected green arrow which allows him to turn in front of oncoming traffic. As Mr. Micheaux entered the intersection, traffic came to a momentary stop for reasons unknown to Mr. Micheaux. The traffic control light subsequently

turned to red as Mr. Micheaux was still in the intersection. Almost simultaneously with the light changing to red, Mr. Micheaux was able to clear the intersection where he was then subjected to a traffic stop by Officer Charles Krachala of the Sugar Land, Texas Police Department.

## POINTS OF ERROR

The Trial Court erred in its interpretation of Texas Transportation Code § 545.302; and

The Trial Court erred in failing to apply the exception to violations of Texas Transportation Code § 545.302 found in Texas Transportation Code § 545.302(f).

## ARGUMENTS

Texas Transportation Code § 545.302(a) states as follows:

> (a) An operator may not stop, stand, or park a vehicle:
>     (1) on the roadway side of a vehicle stopped or parked at the edge or curb of a street;
>     (2) on a sidewalk;
>     (3) in an intersection;

Per the testimony of Officer Charles Krachala of the Sugar Land Police Department, Mr. Micheaux entered the intersection of Elkins and Sweetwater in an effort to complete a left turn onto the north bound lanes of Sweetwater. During his completion of his left turn, traffic in front of Mr. Micheaux came to a halt. This in turn made necessary for Mr. Micheaux to momentarily stop his vehicle. Per Officer Krachala, Mr. Micheaux was in violation of the law when he entered the intersection on a protected green arrow because he was unable to complete an unabated trip to the other side of the intersection. Section 545.302(f) of the Texas Transportation code states:

> (f) Subsections (a), (b), and (c) do not apply if the avoidance of conflict with other traffic is necessary or if the operator is **complying with the law** or the directions of a police officer or **official traffic-control device**.

The above-referenced section of the Texas Transportation Code is applicable as an exception to § 545.302(a)(3) on two relevant points. On the first point, Mr. Micheaux's stopping momentarily in the intersection of Elkins and Sweetwater Blvd was necessary for him to be in compliance with Texas Transportation Code 545.062 – Following Distance which states:

(a) An operator shall, if following another vehicle, maintain an assured clear distance between the two vehicles so that, considering the speed of the vehicles, traffic, and the conditions of the highway, the operator can safely stop without colliding with the preceding vehicle or veering into another vehicle, object, or person on or near the highway.

The facts in the instant matter explicitly state that Mr. Micheaux was forced to stop as he crossed the intersection due to traffic in front of him stopping. In order to be in compliance with the above-referenced statute, a driver must follow at a distance stop safely and not collide with the vehicle in front of him. Here, this is what occurred. There is no language in the above-referenced section which dispenses with this lawful requirement imposed on Texas drivers.

As to the second relevant application of § 545.302(f) of the Texas Transportation Code, Mr. Micheaux, as the operator of his vehicle, was complying with an official traffic-control device by entering the intersection of Elkins and Sweetwater Blvd. on a protected left-turn arrow. Section 544.004 of the Texas Transportation Code states the following:

(a) The operator of a vehicle or streetcar shall comply with an applicable official traffic-control device placed as provided by this subtitle unless the person is:
    (1) otherwise directed by a traffic or police officer; or
    (2) operating an authorized emergency vehicle and is subject to exceptions under this subtitle.

Neither subparagraph (1) or (2) apply to the facts of this case. Officer Krachala was not outside of his unit directing traffic. He was not in a position to direct Mr. Micheaux as he was entering the intersection.

## PRAYER FOR RELIEF

For the reasons herein alleged, the Appellant was denied a fair trial in Cause No. 14-CCR-175454, and the judgment and sentence should be set aside and Appellant granted a new trial.

APPROVED AS TO FORM AND SUBSTANCE:


Respectfully submitted,



_/s/ *Kirby Taylor*_____

KIRBY J. TAYLOR
Attorney at Law
2818 Cleburne
Houston, TX  77004
Telephone No.: (713) 529-3803
Facsimile No.: (713) 529-9779
SBN:  19710400

**ATTORNEY FOR APPELLANT**

## CERTIFICATE OF SERVICE

As Attorney of Record for Defendant, I do hereby certify that a true and correct copy of the above and foregoing document was this date provided to the Attorney of the State.

Date:  June 23, 2015.